UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY ROSS,

Plaintiff,

v.

JOY CAMPANELLI et al.,

Defendants.

CASE NO. 2:26-cv-00988-TL

ORDER OF DISMISSAL

On March 19, 2026, Plaintiff filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 1. On March 24, 2026, the Court sent Plaintiff a letter that advised Plaintiff of two deficiencies in the IFP application. Dkt. No. 2. First, Plaintiff submitted the incorrect IFP application that was required to be corrected by April 23, 2026. *Id.* Second, Plaintiff failed to include a civil cover sheet. *Id.* The Court's letter enclosed the correct IFP application and a civil cover sheet. *Id.* On April 30, 2026, the Postal Service returned the letter (and its enclosures) to the Court. Dkt. No. 3. The envelope bore "RETURN TO SENDER" and "UNABLE TO FORWARD" markings. *Id.*

ORDER OF DISMISSAL – 1

Under Local Civil Rule 41(b)(2),

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

More than 60 days have passed since the Postal Service returned Plaintiff's deficiency letter, and Plaintiff has not notified the Court of a new address. Therefore, under the Rule, Plaintiff's case may be dismissed for failure to prosecute. *See Garg v. Cooper*, No. C24-1521, 2025 WL 2164314, at *2 (W.D. Wash. June 30, 2025), *report and recommendation adopted* 2025 WL 2161450 (July 30, 2025) (recommending dismissal 81 days after mail was returned as undeliverable and plaintiff had not updated address or filed a corrected IFP application); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal under Local Civil Rule 41(b)(2)).

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close the case.

Dated this 30th day of June 2026.

Tana Lin
United States District Judge

ORDER OF DISMISSAL – 2